**U & I SANITATION, Plaintiff,**

v.

**CITY OF COLUMBUS, Defendant.**

No. 4:97CV3334.

United States District Court,
D. Nebraska.

Aug. 30, 2000.

Douglas J. Peterson Knudsen, Berkheimer Law Firm, Lincoln, NE, for Plaintiff.

John P. Heil, Patrick J. Ickes, Baird, Holm Law Firm, Omaha, NE, Stan A. Emerson Sipple, Hansen Law Firm, Columbus, NE, for Defendant.

KOPF, Chief Judge.

Pending before the court are Plaintiff's application for attorney fees (filing 82) filed pursuant to 42 U.S.C. § 1988 and Plaintiff's motion (filing. 81) requesting that the court take judicial notice of docu-

ments filed in support of a previous application for attorney fees. For the reasons that follow, I shall grant Plaintiff's motion to take judicial notice and I shall grant in part Plaintiff's application for attorney fees.

## BACKGROUND

Plaintiff U & I Sanitation filed this action against the City of Columbus seeking declaratory, injunctive, and monetary relief (filing 1, at 6) after the City enacted an ordinance requiring waste haulers to deposit in the city's transfer station waste collected within the city that was destined for disposal within the State of Nebraska, as well as a resolution suspending U & I's license to haul solid waste for one year because of U & I's failure to comply with the ordinance. U & I alleged that enforcement of the city ordinance would violate the "dormant" Commerce Clause, U.S. Const. art. I, § 8, cl. 3, and 42 U.S.C. § 1983, and that suspension of U & I's license was a taking of its property without just compensation in violation of the Fifth Amendment to the United States Constitution and Article I, sections 3 and 21, of the Nebraska Constitution.

The court denied U & I's motion for temporary restraining order upon the City's concession that it would not enforce its suspension resolution against U & I if the company complied with the ordinance. U & I's motion for preliminary injunction and the trial on the merits were consolidated into a two-day bench trial. Following the trial, this court issued its 32–page Findings of Fact and Conclusions of Law (filing 45), which included the somewhat complex application of a balancing test to determine whether the ordinance passed

by the City of Columbus overtly discriminated against U & I's business, or in the alternative, unduly burdened interstate commerce. Pursuant to its Findings of Fact and Conclusions of Law, the court entered judgment (filing 46) in favor of the City of Columbus, a judgment which was reversed on appeal. *U & I Sanitation v. City of Columbus*, 205 F.3d 1063 (8th Cir. 2000). Consistent with the mandate of the Eighth Circuit (filing 69), this court issued a judgment (filing 70) and amended judgment (filing 80) permanently enjoining the City of Columbus from enforcing the ordinance and resolution at issue and awarding $59,379.86 in damages to U & I Sanitation.

U & I Sanitation now seeks $45,285.75 [1] in attorney fees and $2,091.41 in expenses for 326.1 [2] hours of work performed during the pre-trial, trial, appeal, and damage phases of this case. The City of Columbus opposes awarding attorney fees and expenses in the full amount requested by U & I because: (1) Plaintiff's counsel requests reimbursement at an hourly rate of $150.00 when he agreed to bill his client at the rate of $100.00 per hour; (2) Fed. R.Civ.P. 54 and 28 U.S.C. § 1920 do not allow recovery of certain costs claimed by Plaintiff, such as long-distance telephone calls, postage/courier, mileage, room and board, and computer-assisted research; and (3) U & I failed to sufficiently document some of its time entries.

## THE LODESTAR

■ When an application for attorney fees is made, the "lodestar" method is used to decide whether it should be granted, and, if so, how much should be awarded. *See, e.g., Tabech v. Gunter*, 869 F.Supp.

---

1. Although the last paragraph of Plaintiff's application for fees (filing 82, at 4) requests $39,275.75 in attorney fees, this is obviously a typographical error carried over from Plaintiff's previous application for fees (filing 74, at 4). The actual amount Plaintiff requests appears in a table in Plaintiff's application for attorney fees, which reflects a figure of $45,285.75 (filing 82, at 1–2).

2. This figure represents 261.95 hours of work performed by two partners billing $150.00 per hour; 53.3 hours performed by an associate billing $100.00 per hour; 8.75 hours spent by a paralegal billing $65.00 per hour; and 2.10 hours worked by a law clerk billing $45.00 per hour. (Filing 82, at 1–2.)

1446, 1456–70 & n. 6 (D.Neb.1994) (awarding fees of $168,543.27 and expenses of $10,321.83), *aff'd sub nom. Jensen v. Clarke,* 94 F.3d 1191 (8th Cir.1996). Briefly, the following is what I think the "lodestar" method involves.

First, one decides whether an award of fees of any kind is justified or whether special circumstances make an award of fees unjust. *Tabech,* 869 F.Supp. at 1455. For example, when a party's success is insignificant, an attorney-fee award may not be justified though that party technically prevailed. *Id.* (citing *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

Second, one determines what an "attorney-fee" award includes in the "relevant market." For example, if lawyers in the relevant market charge fee-paying clients for paralegal or law-clerk time, an attorney fee award may include an amount equivalent to what law firms would customarily bill clients for the work of paralegals and law clerks. *Id.* The same is true for "out-of-pocket" expenses; that is, if a particular out-of-pocket expense is normally billed to fee-paying clients in the relevant market, then such expenses are a proper component of an attorney-fee award. *Id.* at 1455–56.

Third, one calculates the "lodestar." *Id.* at 1456 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The "lodestar" is calculated by determining the number of hours reasonably expended multiplied by the applicable hourly *market* rate for the relevant legal services. *Id.* The rate is determined by reference to the marketplace. The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work. *Id.* I will seldom award a fee that is greater than one-third of the amount recovered. *Id.* I frequently award less. *Id.*

Note that when calculating the lodestar, various things are subsumed within it; that is, reductions for insufficient documentation are included in the lodestar calculation and the novelty or difficulty of the case is also included, rather than as a separate enhancement. *Id.* Also, if requested, I may compensate for any delay in payment (time value of money) by calculating the lodestar in current dollars (the current hourly rate rather than the historical rate), as opposed to giving a separate enhancement for delay in payment. *Id.*

Fourth, the lodestar can only be enhanced rarely. *Id.* at 1462. It is only appropriate to enhance the lodestar when that method will not ensure competent counsel in future cases of a similar nature. *Id.* at 1462–63.

Fifth, the lodestar must be reduced if success is "partial." *Id.* at 1464–66. "Partial success" refers to the failure to win on all claims when the claims and relief are separate. In such a case, a fee is not awarded for work on the unsuccessful claims; that is, all hours attributed to the discrete claim are disregarded.

Sixth, under certain circumstances, the lodestar must be reduced if success is "incomplete." *Id.* "Incomplete success" refers to situations where there are multiple claims, but the claims and the relief are intertwined. When the claims and relief are intertwined, a reduction for "incomplete" success will not normally result in a prorated reduction. Such a result follows because it is frequently necessary to prosecute all related claims to prevail on one. *Id.* In such a situation, there may be a reduction, but it will not be linear.

## ANALYSIS

The City of Columbus does not argue—nor does the court believe—that special circumstances make an award of attorney fees and expenses unjustified in this case. Therefore, I shall calculate the "lodestar" and specifically address the City's objections to U & I's application for attorney fees and expenses.

## A. Hourly Rate

■ The City of Columbus argues that $150.00 per hour, the rate sought by U & I's lead counsel, is excessive, especially since counsel agreed to bill U & I at a rate of $100.00 per hour. (Pl.'s Br. Supp. Application Atty. Fees at 6.) U & I's counsel has filed an affidavit stating that his standard hourly rate was $100.00 in 1997, $115.00 in 1998, and $125.00 in 1999. The affidavit states that for litigation of interstate commerce or other constitutional issues, counsel charges an hourly rate of $150.00. (Filing 83, Ex. C.) U & I has also submitted an affidavit from a local lawyer primarily practicing in natural resources law who states that the hourly rates charged by U & I's counsel are reasonable, marketplace rates in Nebraska for constitutional claims involving interstate commerce. (Filing 75, Ex. E, Aff. Stephen D. Mossman ¶ 9.)

Prior to 1996, the market rate for experienced lead counsel in Omaha and Lincoln, Nebraska, for legal services performed in non-jury cases raising constitutional claims was $105.00 per hour. *Carhart v. Stenberg,* 11 F.Supp.2d 1134, 1137 (D.Neb.1998) (citing *Orr v. Nelson,* 874 F.Supp. 998, 1005 (D.Neb.1995) (awarding $105.00 per hour rate in abortion litigation)), *aff'd,* 192 F.3d 1142 (8th Cir.1999) & — U.S. ——, 120 S.Ct. 2597, 147 L.Ed.2d 743 (2000); *Tabech,* 869 F.Supp. at 1458 (awarding $105.00 rate in non-jury prisoner civil rights litigation). In 1998, I concluded that the $105.00 rate was outdated, and I awarded $115.00 per hour in a non-jury case challenging a state statute regulating abortion. *Car-*

*hart v. Stenberg,* 11 F.Supp.2d at 1137–38. I now conclude that the $115.00–per–hour rate is outdated, and that $125.00 per hour for experienced lead counsel in non-jury cases raising constitutional claims in the relevant economic market is the appropriate rate to use in calculating the lodestar.[3] Further, an appropriate rate for supporting counsel in non-jury cases like this one is $95.00 per hour. *Carhart,* 11 F.Supp.2d at 1137 ($85.00 hourly rate for supporting counsel in non-jury case raising constitutional claims awarded before 1996; $90.00 appropriate rate in 1998).[4]

## B. Recoverability of Expenses

■ The City of Columbus argues that U & I cannot recover expenses incurred for long-distance telephone calls, postage/courier, mileage, room and board, and computer-assisted research because such costs are not taxable under 28 U.S.C. § 1920 (allowing judge or clerk of court to tax as costs fees of court personnel, witnesses, and court-appointed experts and interpreters; fees for printing and copying; and docket fees) and because the Eighth Circuit Court of Appeals has held that costs of performing computer-assisted legal research may not be added to an attorney fee award, *Standley v. Chilhowee R–IV School Dist.,* 5 F.3d 319, 325 & n. 7 (8th Cir.1993).

Expenses that are reasonable, necessary, and customarily billed to clients in the relevant economic market are properly compensable as a component of a fee award. *Tabech,* 869 F.Supp. at 1455–56 &

---

**3.** In reaching this conclusion, I have considered the fact that U & I's counsel billed U & I $100.00 per hour, but here requests $150.00 per hour. *Blanchard v. Bergeron,* 489 U.S. 87, 96, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) (in awarding attorney fees under 42 U.S.C. § 1988, trial judge not limited by contractual fee agreement between plaintiff and counsel); *St. Louis Fire Fighters Ass'n v. City of St. Louis,* 96 F.3d 323, 332 n. 9 (8th Cir.1996) (hourly rate previously agreed upon between party and counsel not dispositive for determining reasonable attorney fee award, but

such agreement may be strongly indicative of what constitutes reasonable fee).

**4.** The City of Columbus does not dispute, nor do I find unreasonable, the $65.00 hourly paralegal rate and the $45.00 hourly rate for services performed by a law clerk. (Filing 82). *Tabech,* 869 F.Supp. at 1461–62 (approving hourly rates of $50.00 to $55.00 for paralegals and $40.00 to $45.00 for law clerks in 1994 non-jury prisoner civil rights case).

1470 (citing Alan Hirsch & Diane Sheehey, *Awarding Attorneys' Fees and Managing Fee Litigation* 18–19 & n.83 (Federal Judicial Center 1994)). However, such compensable expenses do not include computerized legal research time. The Eighth Circuit Court of Appeals has held that "computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award." *Standley*, 5 F.3d at 325 & n. 7 (while "[c]ounsels' time spent doing the computer-based legal research is compensable as part of counsels' billable hours[,][i]t is the actual cost to the attorneys for their on-line computer time that . . . cannot be recovered in addition to the fee award").

Therefore, I shall deny U & I's request for computerized legal research expenses in the amount of $48.33. (Filing 83, Ex. A at 20 (totaling Westlaw computer research expenses).) I shall also deny U & I's request for $157.43 in "toll and cellular calls" for lack of specificity. (*Id.* (totaling toll and cellular calls).) *See* NELR 54.4(b) (particularity required for various expenses). For each toll and cellular call listed in Exhibit A to U & I's fee application, there appears merely a date, a phone number, and the cost. There is no indication of the parties to the calls or the subject of the calls such that I can evaluate whether these calls were related to this case, and if so, whether they were reasonable and necessary.

I shall further deny $458.88 in claimed expenses that have already been awarded by the Clerk of Court pursuant to U & I's Bill of Costs.[5] (Filing 85.) I shall grant the remainder of U & I's request for expenses because they were reasonable, necessary, and customarily billed to clients in the relevant economic market. (Filing 83, Ex. C, Aff. Douglas J. Peterson ¶ 5.)

## C. *Appeal Fees and Expenses*

■ Although not raised by the City of Columbus as a ground for denying U & I's application for attorney fees and expenses, the court notes that U & I requests attorney fees and expenses in connection with its appeal to the Eighth Circuit Court of Appeals.

The Eighth Circuit Court of Appeals has always awarded attorney's fees for services on appeal, processed by the same panel which heard the appeal. We have always felt that the panel has a better sense of the issues and the work accomplished in relationship to the briefs and record filed on appeal than the district court. We acknowledge our procedure is sui generis and that most of the other circuit courts require the district courts to assess the award for appellate fees. *See generally* E. Larson, *Federal Court Awards of Attorney's Fees* 249–256 (1981).

We deem this court to be in a better position to assess the complexity of a case on appeal and the hours expended by the attorneys. We recognize that if factual findings are necessary they can be processed on a limited remand basis, although we have seldom encountered that situation.

*Winter v. Cerro Gordo County Conservation Bd.*, 937 F.2d 399, 400 (8th Cir.1991). *See also* Local Rules of the Eighth Circuit, Rule 47C (Dec.1998) <http://www.ca8.uscourts.gov> (motion for attorney fees to be filed with clerk of appellate court within 14 days after entry of judgment; clerk to prepare and certify appellate court's attorney fee award for insertion in mandate; court may grant reasonable attorney fees to prevailing party on its own motion, and motion for attorney fees may be remanded to district court for hearing and determi-

---

5. For the sake of clarity, attached to this Memorandum and Order is Exhibit A, on which I have labeled those specific fees and expenses that shall be denied. Those items marked "—BOC" are costs that have already been awarded via the Bill of Costs; those marked "—C" are computerized research expenses that shall be denied; and those marked "—S" are those expenses denied for lack of specificity.

nation on court's own motion or at request of prevailing party).

In its opinion and mandate in this case, the Eighth Circuit Court of Appeals simply reversed the judgment of the district court and "remanded for entry of appropriate injunctive relief," without any direction that this court should hear and determine U & I's request for attorney fees on appeal. (Filing 68, at 15; Filing 69.) Because the Eight Circuit Court of Appeals determines and awards attorney fees for services on appeal, and has not directed this court otherwise in this case, I find that this court may not assess an award for appellate attorney fees or appellate expenses not taxable as costs by the district court. *See* Fed. R.App. P. 39(e) (outlining costs on appeal that are taxable in district court).

Therefore, I shall deny U & I's request for attorney fees and expenses incurred on appeal to the Eighth Circuit Court of Appeals [6] in the amount of $10,156.07.[7]

### D. Lack of Specificity

The City of Columbus complains that the entries in counsel's billing records filed in support of U & I's application for attorney fees and expenses lack specificity. As discussed above, I have made several reductions in U & I's application for fees and expenses due to lack of specificity. NELR 54.4. While one might question the level of detail appearing in a few of the remaining billing entries, the aggregate hours expended on this case at trial and on remand represent very efficient work, and no further reductions are warranted.

### E. Computation

Based on the computation that follows in table format, I conclude that U & I Sanitation should be awarded attorney fees and expenses in the amount of $29,720.20.

| Amount Requested in Fee Application by U & I Sanitation | | | |
|---|---|---|---|
| | Hours | Rate | Total |
| Douglas Peterson (Partner) | 261.25 | $150.00/hr. | $39,187.50 |
| Robert Cannon (Partner) | .70 | $150.00/hr. | $105.00 |
| Jeanelle Robson (Associate) | 53.3 | $100.00/hr. | $5,330.00 |
| Linda Venter (Paralegal) | 8.75 | $65.00/hr. | $568.75 |
| A.D.M. (Law Clerk) | 2.10 | $45.00/hr. | $94.50 |
| Expenses | | | $2,091.41 |
| Total Amount Claimed | | | $47,377.16 |

| Recalculation After Deductions and Application of New Rates | | | |
|---|---|---|---|
| | Hours | Rate | Total |
| Douglas Peterson (Partner) | 261.25—53.4 (appeal) = 207.85 | $125.00/hr. | $25,981.25 |
| Robert Cannon (Partner) | .70 | $95.00/hr. | $66.50 |

**6.** I have delineated the fees and expenses related to U & I's appeal to the Eighth Circuit Court of Appeals in Exhibit A to this memorandum and order. The items related to U & I's appeal are marked as "—A." I note that some of the entries I have labeled as appeal-related are vague entries appearing in the appellate phase of the case (i.e., "Telephone Conference With Tim Cech"). If not related to the appeal, these entries are excludable for lack of specificity. NELR 54.4.

**7.** This amount represents 53.4 hours of work by lead counsel at $125.00 per hour ($6,675.00); 24.5 hours of work by associate counsel at $95.00 per hour ($2,327.50); 2.10 hours of work by a law clerk at $45.00 per hour ($94.50); and $1,059.07 in appeal-related expenses.

| | | | |
|---|---|---|---|
| Jeanelle Robson (Associate) | 53.3–24.5 (appeal) = 28.8 | $95.00/hr. | $2,736.00 |
| Linda Venter (Paralegal) | 8.75 | $65.00/hr. | $568.75 |
| A.D.M. (Law Clerk) | 2.10–2.10 (appeal) = 0 | $45.00/hr. | $0 |
| Expenses | | | $2,091.41–$1,059.07 (appeal)—$48.33 (Westlaw)—$157.43 (phone)—$458.88 (Bill of Costs)=$367.70 |
| Total Amount to be Awarded | | | $29,720.20 |

Accordingly,

IT IS ORDERED.

1. Plaintiff's Motion for Court to Take Judicial Notice of Previous Filings (filing 81) is granted;

2. Plaintiff's Application for Attorney's Fees (filing 82) is granted in part and denied in part; and

3. By separate document, judgment shall be entered in favor of plaintiff U & I Sanitation and against defendant City of Columbus, providing that the plaintiff is awarded attorney fees and expenses in the amount of $29,720.20.