**ACLU NEBRASKA FOUNDATION and John Doe, Plaintiffs,**

v.

**CITY OF PLATTSMOUTH, NEBRASKA, Defendant.**

No. 4:01CV3109.

United States District Court,
D. Nebraska.

May 3, 2002.

13. Because the Court finds that Plaintiff has not established that she has a disabling impairment, the Court declines to reach the question whether Defendant's proffered reason for the nonrenewal of her contract was a pretext for discrimination.

Sue Ellen T. Wall, Wall Law Office, Lincoln, NE, Amy A. Miller, American Civil Liberties Union Foundation of Nebraska, Lincoln, NE, for Plaintiff.

Jefferson Downing, Keating, O'Gara Law Firm, Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, Chief Judge.

Pending before the court is Plaintiffs' application for attorney fees (filing 44) filed pursuant to 42 U.S.C. § 1988. Plaintiffs sought $24,486.50 of attorney fees and $272.43 in costs. For the reasons that follow, I shall grant in part Plaintiff's application for attorney fees. I shall reduce the amount of attorney fees requested and will award $13,764 for attorney fees and $272.43 for expenses, for a total award of $14,036.43.

## BACKGROUND

Plaintiffs ACLU Nebraska Foundation and John Doe filed this action against the City of Plattsmouth, seeking a declaratory judgment that the placement of an Eagles-donated Ten Commandments monument on public property violates the Establishment Clause of the First Amendment of the United States Constitution and the Constitution of the State of Nebraska and an injunction barring the City from placing or retaining the monument on public property.

The facts were not in dispute. The Fraternal Order of the Eagles donated a monument bearing the text of the Ten Commandments to the City, and the City placed this monument in a public park.

Plaintiffs requested that the City remove the monument from public property, and the City refused. The entirety of the discovery consisted of Plaintiffs' preparation of interrogatories and discovery requests and Defendant's deposition of the two plaintiffs. Plaintiffs' counsel appeared at two meetings of the Plattsmouth City Counsel and at a final pretrial conference. The case was resolved on cross motions for summary judgment and the bulk of the legal work by Plaintiffs' counsel consisted of preparing briefs on these cross motions. I granted Plaintiffs' motion for summary judgment, finding that "the placement and retention of the Ten Commandments monument by the City of Plattsmouth in Memorial Park violates the Establishment Clause of the United States Constitution." (Filing 43 at 21.) I did not enjoin the City from placing or retaining the Ten Commandments on public property generally, but instead enjoined the City from "retaining the Ten Commandments display in Memorial Park as it is now situated." (*Id.*) I withheld entry of judgment until the attorney fee question was resolved.

Plaintiffs now seek $24,486.50 [1] in attorney fees and $272.43 in expenses for work performed during the pleading, pretrial and summary judgment phases of this case. Taken in reverse order, Defendants do not oppose awarding *expenses* in the full amount requested by Plaintiffs. Defendants do oppose awarding attorney fees in the full amount requested because: (1) they believe Plaintiffs achieved only partial or incomplete success, (2) duplicative attorney hours are claimed; (3) excessive hours were claimed for the law clerk; (4) they believe the record supports an hourly rate for the law clerk of $40, rather than the $50 claimed by Plaintiffs, and (5) they

allege failure to comply with NELR 54.4 in two respects: failure to identify with particularity the work done and failure to state the salary or wage rate at which the law clerk was paid by the attorney or law firm.

## THE LODESTAR

When an application for attorney fees is made, the "lodestar" method is used to decide whether it should be granted, and, if so, how much should be awarded. *See, e.g., U & I Sanitation v. City of Columbus,* 112 F.Supp.2d 902, 903–04 (D.Neb.2000); *Tabech v. Gunter,* 869 F.Supp. 1446, 1456–70 & n. 6 (D.Neb.1994) (awarding fees of $168,543.27 and expenses of $10,321.83), *aff'd sub nom. Jensen v. Clarke,* 94 F.3d 1191 (8th Cir.1996). Briefly, the following is what I think the "lodestar" method involves.

First, one decides whether an award of fees of any kind is justified or whether special circumstances make an award of fees unjust. *Tabech,* 869 F.Supp. at 1455. For example, when a party's success is insignificant, an attorney-fee award may not be justified though that party technically prevailed. *Id.* (citing *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

Second, one determines what an "attorney-fee" award includes in the "relevant market." For example, if lawyers in the relevant market charge fee-paying clients for paralegal or law-clerk time, an attorney fee award may include an amount equivalent to what law firms would customarily bill clients for the work of paralegals and law clerks. *Id.* The same is true for "out-of-pocket" expenses; that is, if a particular

---

1. This figure represents 39.7 hours of work performed by outside counsel billing $120.00 per hour, 77.3 hours of work performed by in-house counsel billing $125.00 per hour, and 201.2 hours of work performed by a law clerk billing $50.00 per hour. (Filings 44, 45 ¶¶ 9–10, 46 ¶¶ 10–11, and 47 ¶¶ 12–13.)

out-of-pocket expense is normally billed to fee-paying clients in the relevant market, then such expenses are a proper component of an attorney-fee award. *Id.* at 1455–56.

Third, one calculates the "lodestar." *Id.* at 1456 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The "lodestar" is calculated by determining the number of hours reasonably expended multiplied by the applicable hourly *market* rate for the relevant legal services. *Id.* The rate is determined by reference to the marketplace. The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work. *Id.*

Note that when calculating the lodestar, various things are subsumed within it; that is, reductions for insufficient documentation are included in the lodestar calculation and the novelty or difficulty of the case is also included, rather than as a separate enhancement. *Id.* Also, if requested, I may compensate for any delay in payment (time value of money) by calculating the lodestar in current dollars (the current hourly rate rather than the historical rate), as opposed to giving a separate enhancement for delay in payment. *Id.*

▇ Fourth, the lodestar can be enhanced only rarely. *Id.* at 1462. It is only appropriate to enhance the lodestar when that method will not ensure competent counsel in future cases of a similar nature. *Id.* at 1462–63.

Fifth, the lodestar must be reduced if success is "partial." *Id.* at 1464–66. "Partial success" refers to the failure to win on all claims when the claims and relief are separate. In such a case, a fee is not awarded for work on the unsuccessful claims; that is, all hours attributed to the discrete claim are disregarded.

Sixth, under certain circumstances, the lodestar must be reduced if success is "incomplete." *Id.* "Incomplete success" refers to situations where there are multiple claims, but the claims and the relief are intertwined. When the claims and relief are intertwined, a reduction for "incomplete" success will not normally result in a prorated reduction. Such a result follows because it is frequently necessary to prosecute all related claims to prevail on one. *Id.* In such a situation, there may be a reduction, but it will not be linear.

## ANALYSIS

The City of Plattsmouth does not argue—nor does the court believe—that special circumstances make an award of attorney fees and expenses unjustified in this case.[2] Therefore, I shall calculate the "lodestar" and specifically address the City's objections to Plaintiffs' application for attorney fees and expenses.

### A. Attorney and Law Clerk Hourly Rates

The City of Plattsmouth does not argue that the $120.00 per hour rate sought by outside counsel (Sue Ellen Wall) or the $125.00 per hour rate sought by in-house counsel (Amy Miller) is excessive. Plaintiffs have submitted two supporting affidavits. A local lawyer specializing in civil rights cases states that the hourly rates charged by Plaintiff's outside and in-house counsel are reasonable, marketplace rates in Nebraska for civil rights cases. (Filing 49, Aff. of Stull.) Another local lawyer who has practiced before this court in civil rights cases indicates that the fee applica-

---

2. The City argues that Plaintiffs achieved only limited success, but does not dispute that Plaintiffs were prevailing parties. See part E of the analysis for discussion of the "limited success" argument (which I reject).

tion for outside counsel is reasonable, (Filing 48, Aff. of McMahon Boies).

■ I have recently found that $125.00 per hour for experienced lead counsel in non-jury cases raising constitutional claims in the relevant economic market is the appropriate rate to use in calculating the lodestar. *U & I Sanitation v. City of Columbus,* 112 F.Supp.2d 902, 905 (D.Neb. 2000). The City of Plattsmouth does not dispute the hourly rate charged by outside or in-house counsel. Accordingly, I will use the $120 rate for outside counsel and the $125 rate for in-house counsel.

■ The law clerk (Jeremy Patrick) claims an hourly rate of $50.00. (Filing 47 ¶ 13.) Defendants assert that the supporting affidavit supports only a rate of $40.00 per hour, though they acknowledge that this court upheld law clerk rates of $60.00 $65.00 per hour in *Lutheran Med. Ctr. v. Contractors, Laborers, Teamsters and Eng'rs Health · and Welfare Plan,* 814 F.Supp. 799, 805 n. 5 (D.Neb.1993). The affidavit supporting the hours and hourly rate sought for the law clerk states that "I have reviewed the billing records of Amy Miller, Sue Ellen Wall, and Jeremy Patrick [respectively, the outside counsel, in-house counsel and law clerk] and believe that the hours expended *and rate charged* are both fair and reasonable...." (Filing 69, Aff. of Stull ¶ 7) (emphasis added). Though that supporting affidavit indicates that the law clerk billable rate at affiant's law firm is $40.00 per hour (*id.* ¶ 6), the fact that the affiant's firm does not charge the highest reasonable rate does not negate the evidence that $50.00 per hour is a reasonable rate for law clerks. The claimed $50.00 rate is less that the $60.00– $65.00 rate I upheld in *Lutheran Medical Center* over seven years ago. I find that the claimed rate of $50.00 per hour for the law clerk is a reasonable, marketplace rate. This is particularly so in light of the fact that the law clerk, Jeremy Patrick, is a Certified Senior Law student authorized to practice law in Nebraska under the supervision of a licensed attorney, has been senior certified to practice law in Nebraska, has won an award for his clinical law experience, and has focused his writing (essays, law review articles, briefs in other cases) on freedom of religion and separation of church and state issues. (Filing 47, Aff. of Patrick.)

**B. Recoverability of Expenses**

■ Expenses that are reasonable, necessary, and customarily billed to clients in the relevant economic market are properly compensable as a component of a fee award. *Tabech,* 869 F.Supp. at 1455–56 & 1470 (citing Alan Hirsch & Diane Sheehey, *Awarding Attorneys' Fees and Managing Fee Litigation* 18–19 & n. 83) (Federal Judicial Center 1994) (hereinafter *"Awarding Attorneys' Fees"*). Plaintiffs request only $272.43 in expenses: a $150.00 filing fee, $12.99 for developing photographs of the monument and its setting, and $109.44 for mileage for three trips to Plattsmouth. The City does not dispute this request, and I will grant Plaintiffs' request for expenses. The evidence in this case establishes that they were reasonable and necessary. (Filing 46, Aff. of Miller ¶ 16.) I also find that they are customarily billed to clients in the relevant economic market.

**C. Number of Hours Reasonably Expended**

Plaintiffs' lawyers have claimed 318.2 hours were expended. Defendant makes three arguments that these hours were excessive: (1) Plaintiffs should not have had two attorneys plus a law clerk working on the case; (2) some of the hours claimed by Miller and Wall are duplicative; and (3) the hours expended by the law clerk were excessive. I address these arguments in turn.

■ I reject the arguments that too many lawyers worked on the case and that some of the hours in the Miller and Wall fee applications are duplicative. (Def.'s Mem. in Opp. to Pls.' Mot. for Attorney Fees 4–5). Under the circumstances, these arguments are not persuasive. The City of Plattsmouth, which has its own City Attorney, nonetheless engaged a Lincoln, Nebraska law firm and the American Center for Law and Justice to defend the City in this lawsuit. The City objects to the appearance of both Miller and Wall at a meeting in Plattsmouth, the depositions of the two plaintiffs, and the pretrial conference. However, the City also had two attorneys jointly appear at the depositions, the pretrial conference, and their own client meeting. (*See generally* Filing 33 (exhibits supporting D.'s Mot. for Summ. J.).) When the losing party itself uses multiple counsel, the claim that the prevailing party should not have used multiple counsel fails. *See Carhart v. Stenberg,* 11 F.Supp.2d 1134, 1137–38 (D.Neb.1998) (awarding attorney fees to lead counsel and four supporting lawyers in partial-birth abortion case) ("That multiple supporting counsel were necessary is proven by the fact that at one hearing, [four lawyers were present for the party opposing the attorney fee award and two lawyers for that party participated in briefing, arguments, and trial responsibilities].")

Regarding whether the 318.2 hours claimed by the lawyers were reasonably expended, the issue " 'is not whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.' " *Tabech,* 869 F.Supp. at 1456 (quoting *Awarding Attorneys' Fees* at 24–25 n. 116 (quoting *Grant v. Martinez,* 973 F.2d 96, 99 (2nd Cir.1992), *cert. denied,* 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993))). The City now asserts that this case was not complex, the law was

clear, and "[t]he only *necessary* legal research could probably be done in about 1.5 hours." (D.'s Mem. in Opp. to Ps.' Mot. for Attorney's Fees at 5) (opposing the award of 153.2 law clerk hours for researching and writing the brief). I reject the assertion that this case was so easy that only 1.5 hours of legal research were necessary. There were no Eighth Circuit cases involving Eagles-donated monuments, and there is a split in authority of cases from other jurisdictions. *See ACLU Foundation v. City of Plattsmouth,* 186 F.Supp.2d 1024, 1025–25 (collecting cases). This case presented significant constitutional issues.

■ I find that reasonable attorneys would have allocated 40 hours to work of outside counsel Wall (only 39.7 are claimed, so I will award only 39.7 to Ms. Wall), 40 hours to work to be performed by in-house counsel Miller (77.3 are claimed), and 80 hours of work to be performed by law clerk Patrick (201.2 hours are claimed). Put another way, two reasonable, experienced lawyers would each plan to spend one 40–hour work week and would plan on two full 40–hour work weeks from a law clerk. These hours would be sufficient to draft a complaint, hold a few meetings, and submit reasoned, thoughtful briefs. I will reduce the award of fees for Ms. Miller's time to 40 hours, and will reduce the award of fees for Mr. Patrick's time to 80 hours.

### D. Lack of Specificity

The City of Plattsmouth asserts that the fee application and supporting affidavits do not "identify with particularity the work done," as required by NELR 54.4. The City given only two specific examples of lack of specificity.

First, the law clerk's time records reflect 32 entries reading "research for summary judgment" without specifying the

particular issues researched and whether the results of the research were incorporated into a brief, motion or pleading. As discussed above, I have significantly reduced the 201.2 hours claimed for law clerk work to 80 hours. While one might question the level of detail appearing in some of the billing entries, no further reductions are warranted.

Second, the City asserts that NELR 54.4(3) requires that if work is performed by a law student, the fee application or supporting affidavits must "state the salary or other wage rate at which the . . . law student was paid by the attorney or law firm," and that no such information has been provided. The short answer to this objection is that NELR 54.4 provides "guidelines . . . to assist counsel" in presenting a fee application, not hard and fast rules to be followed to the letter. As I have already significantly reduced the number of hours to be awarded for work by the law clerk, no further reductions are warranted.

### E. Limited Success

The City asserts that Plaintiffs achieved only "partial" and "incomplete" success, requiring a reduction in the lodestar. I reject these arguments.

■ The Complaint sought a declaratory judgment that placement and retention of the Ten Commandments monument by the City on *any* public property violates the Establishment Clause and a permanent injunction against the City enjoining it from placing or retaining the Ten Commandments monument on *any* public property. (Filing 1 (emphasis added).) I ruled that the placement and retention of the monument *in Memorial Park* (its present location) violates the Establishment Clause, and enjoined the City from retaining the Ten Commandments display *in Memorial Park as it is now situated.* (Filing 43 at 21) (reported at 186

F.Supp.2d 1024, 1036 (D.Neb.2002); see also the judgment accompanying this order). The City asserts that this represents "incomplete success" requiring a reduction in the lodestar. It does not. The complaint may have been drafted broadly, but Plaintiffs sought removal of the monument from its current location in Memorial Park. Plaintiff Doe had standing because he asserted that he had to avoid the public park to avoid the monument. All parties agreed that the constitutionality of Ten Commandments monuments is remarkably site-specific, and Plaintiffs received the relief they sought against the monument in its current site. If the complaint had been drafted more narrowly to request relief only with respect to the monument's current site in Memorial Park, there would have been no reduction in the number of hours reasonably expended on this case. No reduction in the lodestar for "incomplete success" is appropriate.

Plaintiffs brought a pendent state constitutional claim, which was dismissed without prejudice for reasons of comity. The city asserts that the dismissal of the pendent state claim means that Plaintiffs received only "partial success." Plaintiffs may have achieved only partial success, because they brought two claims and won on only one. In partial success claims, a fee is not awarded for work on the unsuccessful claims. Here, the parties barely briefed the state law claim. Plaintiffs' briefing on this claim consisted of raising the argument that if the monument violated federal law, it would also violate state law because the state constitutional provision is interpreted more stringently. Less than three pages of a lengthy brief were devoted to the state law claim. As I have already substantially reduced the number of hours to be awarded for the work of in-house counsel and the law clerk, and the law clerk did the majority of the work on the brief, I find that no reduction in fee on

account of "partial success" is appropriate here.

## F. Computation

Based on the computation that follows in table format, I conclude that Plaintiffs should be awarded attorney fees and expenses in the amount of $14,036.43.

**Amount Requested in Fee Application by Plaintiffs**

|  | Hours | Rate | Total |
|---|---|---|---|
| Sue Ellen Wall (outside counsel) | 39.7 | $120.00/hr. | $4,764 |
| Amy Miller (in-house counsel) | 77.3 | $125.00/hr. | $9,662.50 |
| Jeremy Patrick (Law Clerk) | 201.2 | $50.00/hr. | $10,060 |
| Expenses |  |  | $272.43 |
| Total Amount Claimed |  |  | $24,758.93 |

**Recalculation After Deductions**

|  | Hours | Rate | Total |
|---|---|---|---|
| Sue Ellen Wall (outside counsel) | 39.7 | $120.00/hr. | $4,764 |
| Amy Miller (in-house counsel) | 40 | $125.00/hr. | $5,000 |
| Jeremy Patrick (Law Clerk) | 80 | $50.00/hr. | $4,000 |
| Expenses |  |  | $272.43 |
| Total Amount to be Awarded |  |  | $14,036.43 |

Accordingly,

IT IS ORDERED:

1. Plaintiffs' Application for Attorney Fees (filing 44) is granted in part and denied in part; and

2. By separate document, judgment shall be entered in favor of Plaintiffs and against Defendant, providing that Plaintiffs are awarded attorney fees and expenses in the amount of $14,036.43.

## JUDGMENT

Pursuant to the Memorandum and Order entered this date, and to the Memorandum and Order entered February 19, 2002 (filing 43, reported at 186 F.Supp.2d 1024 (D.Neb.2002)), judgment is entered in favor of Plaintiffs and against Defendant, providing that

1. The placement and retention of the Ten Commandments monument by the City of Plattsmouth in Memorial Park violates the Establishment Clause of the United States Constitution;

2. The City of Plattsmouth is permanently enjoined from retaining the Ten Commandments display in Memorial Park as it is now situated;

3. The claim arising under Article I, § 4 of the Nebraska Constitution is dismissed without prejudice; and

4. Attorney fees and expenses in the amount of $14,036.43 are awarded in favor of Plaintiffs and against Defendant.